In the Matter of the Estate of FREDERICK D. FRICKE, Deceased.

Surrogate's Court, New York County, February 5, 1938.

*Dunn, Daly & Bain* [*Benjamin G. Bain* and *George J. Vogel* of counsel], for the trustees.

*Jay E. Rice*, for Edward E. Fricke, Mattie Fricke, his wife, Christopher D. Fricke and Tillie D. Fricke, his wife, objectants.

*Joseph R. Kurowski*, special guardian for Helen D. Fricke, infant.

*Edward M. Swinburne*, special guardian for infants.

*Harry Pfeffer*, for the respondents Mais.

*Wallace, Patterson & Strohsall*, for Cleveland A. Morris.

*Scott Sanders*, for Eleanor and William J. Smith and Edward, Howard and Elsie Fricke.

*Hovell, McChesney, Clarkson & Klupt*, for George M. and Frances E. Massey.

DELEHANTY, S. The trustee of this estate maintained the bank account of the estate in a trust company in the State of New Jersey located in the vicinity of the place of business of one of the trustees. In 1931 the trust company in which the account was maintained closed its doors. The trust suffered a net loss thereby of $773.02. Objectants seek to hold the trustees liable for this loss. The court rules that they are liable. The trust assets were located within this State. Two of the three trustees resided in this State. The rents and interest income of the trust estate were collected in this State. The trustee who testified on the subject asserted that the removal from this State of the cash funds of the trust was based on a desire to assure protection of the funds by having them deposited near his office. Plainly the funds were exposed to hazard in the transportation of them in cash and check from the city of New York to the State of New Jersey. They could have been deposited in a bank in New York city with no hazard. The rule of liability in such circumstances as are here disclosed is stated in the authorities cited in *Matter of Poulson* (155 Misc. 625, 627). In the latter case the question was one of removal of funds by an administrator. The court applied to the administrator the rule of liability already fixed by the Court of Appeals in the case of trustees. Only " exceptional circumstances " would justify a trustee in taking funds of an estate out of the State of his appointment. (*Ormiston* v. *Olcott*, 84 N. Y. 339.) Not only are there no " exceptional circumstances " here but on the contrary the proof establishes affirmatively that no valid reason whatever existed for the maintenance of the bank account of the trustees outside this State. It is no defense to the charge of mishandling of the funds that similar loss might have occurred in New York city. This New Jersey trust company closed in 1931. The court has not been furnished with any proof whatever that any New York city bank closed in that year. It would be immaterial, however, whether the closing was in 1931 or 1933 — the year of the general suspension of banks. If the funds had been in a New York

bank the trustees could have avoided surcharge. They cannot ask the court and the parties to speculate on the possibility that the trustees might have chosen as a place of deposit one or the other of the banks that failed to reopen in New York city after the bank holiday. The record here is that they took the funds unnecessarily and improvidently out of the jurisdiction in which the trust estate was located and from which they obtained their letters of trusteeship. Having done that they must pay the loss. Accordingly the objections to the claim of credit for this loss are sustained.

The court holds on the proof that Cleveland A. Morris is the surviving spouse of Henrietta Mais Morris, a niece of the testator.

The court holds that the trustees are entitled to exercise their business judgment and discretion in connection with the disposition of any surplus rents which may from time to time be in their hands in connection with the operation of a parcel of real estate acquired by them through or in lieu of foreclosure of a mortgage held by the trust. (*Matter of Chapal*, 269 N. Y. 464.) The court will not itself declare what the trustees should do with that surplus. The problem is wholly theirs.

The main question in this accounting proceeding revolves around the meaning of the will of the deceased. The court is of opinion that the construction contended for by the trustees is the sound one. That construction will permit the continuous administration of the estate and the disposal of the surplus income without resort to any distribution as in intestacy. It meets the test of the cases which require that the testator's intent be ascertained and effectuated so far as legally possible. It is the court's view that the result reached by the construction contended for by the trustees is, in the circumstances of this case, in accordance with the intent of the testator. The decree to be entered may provide for such a distribution of the income.

Submit, on notice, decree construing the will and settling the account in conformity with this decision.