In the Matter of the Estate of GEORGE A. HOPKINS, Deceased.

Surrogate's Court, New York County, July 6, 1939.

*Larkin, Rathbone & Perry,* for Central Hanover Bank and Trust Company and Marguerite Hudson Hopkins, as executors, and for Central Hanover Bank and Trust Company, as trustee.

*Barr, Robbins & Palmer,* for Marguerite Hudson Hopkins, individually.

*Jacob Florea,* special guardian for infants.

DELEHANTY, S.   In this final accounting by the executors and in the accompanying intermediate account of the trustee under deceased's will a question arises between principal and income account in connection with an asset consisting of a fractional interest in certain royalties derived from the production of an oil and gas property.   The fractional interest possessed by deceased was appraised for tax purposes and is inventoried in the account at the value thus assigned to this interest as of date of death.   The

account shows that the executors have received a gross sum from royalties substantially in excess of the inventoried value. All of these receipts have been carried in a suspense account. Concretely the question is whether the life beneficiary of the residuary trust is entitled to receive the full proceeds thus held in suspense or whether the royalty interest is to be classified as a wasting asset whose capital value is to be recovered for the remaindermen out of current payments.

Deceased originally owned shares of stock in a corporation which had made a lease of the productive property. This corporation transferred its leasehold interest to another corporation reserving to itself a royalty. During deceased's lifetime the corporation received its royalties and distributed them as dividends to its own stockholders, including deceased. While deceased was still living the corporation thus receiving dividends was dissolved and as a liquidating dividend deceased received an assignment of a fractional interest in the royalties which was equivalent to his prior stock interest in the dissolved corporation. After this assignment had been made payment of the fractional share in the royalties was made directly by the operating corporation to deceased. So far as the record indicates he dealt with these receipts as with any other moneys coming in to him.

Deceased put his entire residuary estate in trust for his widow primarily. He provided that if her mother survived him and her the trust would continue for the life of his mother-in-law. On the termination of both lives the principal goes to his cousins or their descendants. The special guardian who represents infant contingent remaindermen contends that the capital value of the royalty interest computed as of date of death should be preserved for the benefit of the remaindermen. The income beneficiary on the contrary asserts her right to take the entire gross proceeds of the royalties.

When an asset of a trust is of a wasting character — one which may be consumed during the trust period — apportionment of the proceeds of the asset between income and principal is generally required (*Howe* v. *Earl of Dartmouth*, 7 Ves. Jr. 137; *Matter of Elsner*, 210 App. Div. 575; *Guaranty Trust Co.* v. *Halsted*, 245 N. Y. 447, 464; *Matter of Johnson*, 156 Misc. 689; *Matter of Murphy*, 138 id. 655; *Matter of Hall*, 130 id. 313; *Matter of Golding*, 127 id. 821), but the rule is not a rigid one and yields readily when in the light of existing circumstances the will indicates a different intention on the part of the testator. (*Frankel* v. *Farmers' Loan & Trust Co.*, 152 App. Div. 58; affd., 209 N. Y. 553; *Matter of Hall*, 127 Misc. 238; *Matter of Chapman*, 32 id. 187; affd., 59 App. Div. 624; affd., 167 N. Y. 619.)

This problem of apportionment was considered in some detail in *Frankel* v. *Farmers' Loan & Trust Co.* (*supra*). There the will gave the residue in trust for the widow for life and then to a daughter for life with remainder to the daughter's issue and in default of issue to collateral relatives of the testator. The will directed the trustees to " collect and receive all the interest, income and profit derived from the investment thereof, and to pay the whole or net income derived therefrom * * * to my beloved wife * * * for and during the term of her natural life, for her own use, maintenance, support and comfort." In the event the daughter did not marry, the trustees were authorized to pay from principal to her such amounts as the widow should direct. The widow was also given the right to invade principal for her own use in an amount not exceeding $100,000. The trustees were authorized to retain investments and the will provided that no part of the income was to be used to make good against the wearing away of premium or for amortization. The testator owned three leaseholds valued at $158,706.44 which produced an annual net income of $22,636.56. The court found from the terms of the will and from the surrounding circumstances a general intention on the part of the testator to have his wife and his daughter reap the greatest possible advantage from the enjoyment of his estate and that the interests of the remaindermen were subordinate to this primary objective.

To similar effect is subdivision (e) of section 239 of the Restatement of the Law of Trusts. Various factors which are held to show an intention that all receipts from wasting property are to be paid to the life tenant of the trust are summarized in the section as follows:

" (e). Terms of the trust. By the terms of the trust the trustee may be directed or permitted to retain wasting property and to pay to the life beneficiary all the actual receipts from the property.

" Such a direction or permission may be specifically stated in the instrument whereby the trust is created.

" The intention of the settlor to direct or permit the trustee to retain wasting investments and to pay the whole of the receipts to the life beneficiary may appear from the terms of the instrument as interpreted in the light of all the circumstances. Among the circumstances tending to show such an intention are:

"(1) the specific mention in the instrument of the property, particularly where it is known to the settlor to be wasting property and especially where it comprises the whole of the trust property; (2) a direction or permission in the instrument to retain the property, although no specific provision is made with respect to the

receipts from the property; (3) the relatively small value of the wasting property in comparison with the whole trust property; (4) the relatively small amount of income from the wasting property in comparison with the income from the whole trust property; (5) the purposes of the trust including the relationship between the settlor and the various beneficiaries; (6) the fact that the settlor in dealing with the property prior to the creation of the trust has dealt with the receipts as income."

In the present case the royalty interest represents but a small portion of the property owned by deceased at his death. Deceased left a widow but no children surviving him. His nearest kin were cousins. Paragraph first of the will gives to the widow his automobile, clothing, jewelry, pictures, ornaments, books and all other personal and household effects. Paragraph second puts all the residue of the estate in trust to " pay over the income arising therefrom as the same shall accrue " to the widow during her life. Next comes the provision for the mother of the widow. And finally the principal is directed to be paid to two cousins of deceased or to their descendants. There are no other gifts in the will. The executors and trustee are authorized " to preserve the securities and property in which my estate may be invested at the time of my death." The will further directs that " the net income of the trust funds hereunder, after payment of expenses, shall be paid over to the beneficiary entitled thereto, without deduction for the wearing of the premium on bonds or similar securities and that extraordinary as well as ordinary dividends, on stock shall be distributed to the life tenants for the time being without regard to the capital of said trust funds as established upon my death."

Substantially all of the factors listed in the quoted excerpt from the Restatement of the Law of Trusts as bearing upon intention are here present. In the circumstances of this case and considering the terms of the will, the court holds that deceased intended that his widow and her mother, if the latter lived to enjoy the income of the fund, were to receive the full proceeds of the trust, including the royalties, without any deduction for the benefit of the remaindermen.

The court will take proof of the personal claim of the corporate executor on July 14, 1939, at two o'clock P. M. Thereafter a decree may be submitted on notice construing the will and settling the account in accordance with the ruling here made and that to be made on the personal claim.