In the Matter of the Estate of ALMA FERMER, Deceased.

Surrogate's Court, Bronx County, October 6, 1941

J. *Walter Robertson*, for Emelia Nelson, as executrix, etc., petitioner.

*Debevoise, Stevenson, Plimpton & Page* [*Sidney G. Edwards* of counsel], for the respondent, Mrs. Gulli Olson.

*David C. Anchin*, special guardian.

HENDERSON, S. The decedent's will provided:

" *Third*. ALL the rest, residue and remainder of my estate, both real and personal, of whatsoever kind and nature, and wherever the same may be situated, of which I may die seized or possessed, or to which I may in any wise be entitled at the time of my decease, I give, devise and bequeath unto my niece, MRS. GULLI OLSON, of Karlskrona, Sweden, IN TRUST NEVERTHELESS, for the following uses and purposes, to wit:-

" To place all monies received from my estate in a savings bank in Sweden, and the interest thereon to be used yearly toward the education of ULLA BRITT OLSON, daughter of Mrs. Gulli Olson, of Karlskrona, Sweden, until said Ulla Britt Olson shall arrive at the age of twenty-one (21) years, and upon her attaining the age of twenty-one (21) years, I direct my said trustee to pay over and deliver to the said Ulla Britt Olson the principal thereof, together with any and all accumulations.

" *Fourth*. In the event that the said Ulla Britt Olson shall die before attaining the age of twenty-one (21) years, then I give and bequeath the monies then remaining on deposit in said trust account to CARL ERIC OLSON, son of the said MRS. GULLI OLSON."

Mrs. Gulli Olson is a subject of the Kingdom of Sweden and is a resident of that country. She cannot act as trustee. (Surr. Ct. Act, § 94; *Matter of Findlay*, 253 N. Y. 1, 13; *Matter of Kissam*, 141 Misc. 366; affd., 235 App. Div. 609; *Matter of McArdle*, 147 Misc. 876.)

The executrix requests her appointment as successor trustee. Mrs. Gulli Olson objects to such appointment and requests that the

residuary estate be paid to her. · She has been appointed a trustee by a Swedish court. In effect she asks the court to disregard the testamentary trust provided in the will and seeks to set up an *inter vivos* trust in Sweden for the purpose of carrying out the testamentary directions.

There is no authority for such procedure. This court is charged with the supervision of the administration of this testamentary trust. It cannot evade that responsibility and no court of a foreign country may usurp jurisdiction.

There is no contention that the executrix appointed by the decedent to serve without bond is not a proper person to act as trustee. She will become trustee upon filing a bond in the sum of $18,000, and otherwise qualifying.

She will be relieved of the testamentary direction to deposit the funds in a foreign savings bank. Compliance with such direction might result in the loss of control of the fund which she is required to administer.

No objections have been filed to the account.

Settle decree.