IRVING TRUST COMPANY, as Executor of Henry R. Burt, Deceased, Trustee, Respondent, *v.* MAGGIE Z. HORN BURT, Individually and as Successor Trustee, Appellant, and HENRY R. BURT, JR., et al., Respondents, et al., Defendants.

Argued March 4, 1943; decided April 22, 1943.

*C. Murray Kavanagh* and *John Moncrief* for appellant.

*William Weisman* and *Edward Schaeffer* for Elizabeth Winslow et al., infants, respondents.

*Leon Leighton,* guardian ad litem for Henry R. Burt, Jr., an infant, respondent.

LEHMAN, Ch. J.   Henry R. Burt in 1935 executed a deed of trust transferring to himself as trustee specified personal property " to have and to hold the said securities and property to the said trustee, its successors or assigns upon the  *  *  * express trust and conditions and with the powers and limitations hereinafter conferred and set forth." At the time the settlor executed the deed of trust he was married and had one child, Henry R. Burt, Jr., then about two weeks old.  The " express trust and conditions " set forth in the deed of trust are designed to provide an income to the settlor's wife during her lifetime and, after her death, to provide an income to their infant son Henry R. Burt, Jr. and any other children they might thereafter have, with contingent remainder in a share of the estate to the legatees or next of kin of each child upon the death of such child during

the life of the trust. In no event could the trust continue longer than the lives of the settlor's wife and of his son Henry R. Burt, Jr. and in no event could any person be interested in the income or principal of the trust fund except his wife and his son or after-born children or the legatees or next of kin of a deceased child. The "powers and limitations * * * conferred and set forth" in the deed of trust are designed to give the settlor almost unlimited control of the investment and reinvestment of the trust fund during his lifetime even should he retire as trustee; to assure that during his lifetime he should have power to designate any "successor or substituted trustee" and that after his death a majority in number of the "adult beneficiaries" of the trust or the guardians if any of the "minor beneficiaries" should have the same power.

The settlor died on January 1, 1937. The deed of trust provided that upon the death or resignation of the settlor as trustee "the Grantor hereby nominates and appoints Irving Trust Company to be and act as Trustee hereunder."

Irving Trust Company renounced the appointment and Margaret Z. Horn Burt, the widow of the settlor and the life beneficiary of the trust was appointed successor trustee. In an action brought by Irving Trust Company as executor of the last will and testament of the deceased settlor and trustee for the settlement of his account as trustee, the successor trustee has asked for a judicial construction of the trust agreement. The trust indenture provides that: "The Trustee is given the widest discretion to use his judgment in such manner as he may deem best and specifically to vote and give proxies in respect of any shares of stock at any time forming a portion of the trust fund.

"The Trustee is expressly authorized and empowered, though not required, to retain any and all securities and property transferred to him hereunder or hereafter received by him and with full power and authority to change investments and to invest and reinvest the principal in such securities and properties (including common stocks) as he in his discretion may determine and whether or not the same be authorized by law for the investment of trust funds."

The successor trustee contends that the power "to invest and reinvest the principal in such securities * * * as he

in his discretion may determine and whether or not the same be authorized by law for the investment of trust funds '' was conferred not only upon the original trustee but upon each '' successor trustee.'' The guardian of the infant son contends that such power was limited to the lifetime of the settlor. The deed of trust provides that: '' The word ' trustee ' where used herein shall be deemed to refer to one or more trustees and the word ' trustees ' shall be deemed to refer to one or more trustees.'' There can be no doubt that the settlor intended that, in general, any reference to the powers and authority of '' the trustee '' should apply not only to the original trustee but to each successor trustee. Where, however, under a fair construction of the deed of trust it appears that the settlor used the words '' the trustee '' in a more restricted sense or limited the period during which a power conferred upon the trustee might be exercised, the court is bound to give effect to the testator's intention.

In other paragraphs of the trust indenture which begin with the words '' During the lifetime of the Grantor '' the settlor has unmistakably indicated that the powers specified in those paragraphs are to be subject, while the settlor is alive and can control the administration of the trust fund, to the limitations therein specified. Those limitations, however, should not, in our opinion, be read by implication into the general grant of power to a trustee contained in the paragraph which we have quoted. In our opinion the trust indenture indicates no intention of the settlor to limit the discretionary power of the trustee appointed after his death to invest in securities '' authorized by law for the investment of trust funds.''

The judgments should be modified in accordance with this opinion and as so modified affirmed with costs to all parties filing separate briefs, payable out of the trust estate.

Loughran, Finch, Rippey, Lewis, Conway and Desmond, JJ., concur.

Judgment accordingly.