In the Matter of the Accounting of FREDERICK T. WALKER, as Trustee of the Estate of HUGH C. FOX, Deceased.

HUGH C. FOX, JR., Appellant; FREDERICK T. WALKER, Individually and as Surviving Trustee under the Will of HUGH C. Fox, Deceased, et al., Respondents.

Argued November 15, 1943; decided January 13, 1944.

*Dudley Miller* and *Paul F. Saurel* for appellant. I. The discretionary power to pay over principal in paragraph tenth was intended to be exercisable by a successor trustee. (*Smith v. Floyd,* 193 N. Y. 683; *Matter of White,* 135 Misc. 377.) II. The power to pay over principal continues in the grantees apart from their legal title as trustees. (*Hutton* v. *Benkard,* 92 N. Y. 295; *Matter of Cooksey,* 182 N. Y. 92; *Chase Nat. Bank.* v. *Chicago Title & Trust Co.,* 246 App. Div. 201.)

*Edward M. Swinburne,* special guardian, for Sarah E. Fox et al., infants, respondents. The discretionary power to pay over principal was vested solely in the original trustees and may not be exercised by a successor or substituted trustee. (26 R. C. L., Trusts, §§ 201, 202; 126 A. L. R., 932; *Jones* v. *Dodge,* 69 Misc. 126; *Benedict* v. *Dunning,* 110 App. Div. 303; *Whitaker* v. *McDowell,* 82 Conn. 195; *Matter of Spencer,* 119 Misc. 519; *Hull* v. *Hull,* 24 N. Y. 647.)

LEWIS, J. The will of Hugh Corby Fox, deceased, created a trust which named his son — an only child — as the sole life beneficiary. The two trustees nominated by the testator were also authorized " if in their discretion they so deem it advisable for his good and benefit " — to transfer to the son stated portions of the principal of the trust when he attained the ages of thirty, thirty-five and forty years. In the course of administering the trust the resignations of the two original trustees have led to the present proceeding in which is presented the question now before us: Was the discretionary power to invade principal for the benefit of the testator's son intended to be personal to the original trustees and thus to terminate upon their death or resignation?

The tenth paragraph of the decedent's will provides: " *Tenth:* All the rest, residue and remainder of my Estate, both real and personal of every kind and nature and wheresoever situate, I give, devise and bequeath to my Trustees heretofore named, to accumulate the rents, issues and profits thereof, and to pay the net income to my son, HUGH CORBY Fox, JR., during his natural life, giving my Trustees full power, if in their discretion they so deem it advisable for his good and benefit, to pay over and transfer to my son, HUGH CORBY Fox, JR., one-quarter (¼) of the then principal of the Estate upon my son reaching

the age of thirty (30) years, and one-half (½) of the remaining portion, or if no advancement has been made to him, one-half (½) of the entire portion at the time my son reaches the age of thirty-five (35) years, and the remaining portion at the time my son, Hugh Corby Fox, Jr., reaches the age of forty (40) years. It is expressly understood, that these payments are to be made only at the discretion of my Trustees heretofore named. And upon the death of my son, Hugh Corby Fox, Jr., I give, devise and bequeath the principal or remainder thereof of said Trust fund to my son's widow, if he is then married and leaves no issue him surviving, and if he leaves a widow and issue, to pay over one-third (⅓) to his said widow, and two-thirds (⅔) to his lawful issue, share and share alike; and in the event my son's wife does not survive him and leaves lawful issue him surviving, I give, devise and bequeath the principal of said Trust or the remaining portion thereof, to such issue, share and share alike.''

An accounting by the two testamentary trustees was had in 1937 at which time one of the trustees resigned. Five years later the present accounting proceeding was instituted, wherein the sole remaining testamentary trustee has been permitted to resign and a substituted trustee has been appointed.

The question for our decision arises upon a challenge by the appellant to rulings which are made a part of the Surrogate's decree and which have been affirmed by the Appellate Division, one justice dissenting — that the discretionary power to transfer to the income beneficiary portions of the principal of the trust was personal to the two trustees originally named and terminated upon the resignation of the sole remaining trustee; that the substituted trustee appointed by the Surrogate in the present proceeding '' has no power or authority to transfer to said Hugh Corby Fox, Jr., any part of the principal of said trust ''.

Whether the discretionary power vested in the two original trustees was a personal commission which may not be exercised by a substitute or successor trustee, depends upon the testator's intention, to be ascertained from language employed to create the trust, construed in the light of relevant circumstances. We have followed those lines of inquiry and conclude that the discretionary power here in question was given to

the trustees as a part of a testamentary plan, which was incidental to the administration of the trust — not personal to the two trustees originally named.

The testator's intention manifestly was to assure for his son, the income beneficiary, an additional measure of financial responsibility dependent upon the circumstances of his life. The direction is in effect that if through the years the trustees " in their discretion (shall) deem it advisable for his good and benefit " that prescribed portions of principal be paid to the son, then such payments shall be made at stated intervals until he attains the age of forty when the portion of the principal then remaining may be transferred to him. If, as the Appellate Division and the Surrogate have ruled, the discretionary power given to the trustees to invade the principal is a personal power, the manifest object of the trust is defeated by the order now before us which permits the resignation of the sole remaining trustee and withholds from the substituted trustee authority to transfer to the testator's son any part of the principal. We think the decedent's testamentary plan may not thus be thwarted in the absence of language which dictates such a result.

We find nothing in the will which forecasts the result of the order which we now review — that the two testamentary trustees by abdicating the trust may extinguish the discretionary power to invade the principal in favor of the testator's son. Inferences reasonably to be drawn from relevant circumstances point to a contrary conclusion. On the date when the will was executed — less than a year before the testator's death — his son was eighteen years of age. At that time the ages of the two testamentary trustees were respectively fifty-seven and fifty-one years. In the absence of language more explicit than that found in the tenth paragraph, we do not think the decedent intended that the testamentary plan by which he had arranged to benefit his son could be defeated either by the death of the two original trustees or by their resignation. Either of those eventualities might have occurred within but a brief interval after the testator's death. Indeed, one of those eventualities — the resignation of the two original trustees — has occurred when his son's age was thirty-five.

We have given careful consideration to the respondents' arguments, including their chief contention that when the testator directed that payments to his son from principal were to be made " only at the discretion of my Trustees heretofore named ", he thereby indicated his intention to limit the exercise of that power to the two original trustees previously named in the tenth paragraph. Such a construction, we think, attaches unwarranted significance to the words " heretofore named " and gives but slight emphasis to " discretion " which we believe was intended to be the dominant word of that clause. Nor do we attach controlling significance to the fact that the tenth paragraph contains clauses which ultimately may benefit the widow and issue of his son. When the will was executed the testator's son — the principal object of his bounty — was not married. True, the will provides that if at the time of his son's death he shall have been married, his widow and any issue shall take " the principal of said Trust or the remaining portion thereof " in certain proportions. But such a provision is no more than would be expected to accomplish the disposition of the " principal or remainder " of the trust fund in the event the death of the testator's son should occur after his marriage.

We hold that under the terms of the will here involved the discretionary power given to the testamentary trustees was not personal to them; that it was not measured by the lives of the two original trustees, nor was it limited by the duration of their service as such fiduciaries; that it may be exercised by the trustee appointed to succeed the testamentary trustee with whose accounting and resignation this proceeding is concerned. (See *Smith* v. *Floyd*, 193 N. Y. 683; Restatement of the Law of Trusts, § 196, comment c.)

The order of the Appellate Division, and the decree of the Surrogate's Court, so far as appealed from, should be reversed, with costs in all courts to the appellant payable out of the fund, and the proceeding remitted to the Surrogate's Court for further proceedings in accordance with this opinion.

CONWAY, J. (dissenting). When the testator drew his will he had before him a problem which he was endeavoring to work out therein. He had a substantial estate and an only

son who was unmarried and was eighteen years of age. He appointed as executors and trustees two men, to each of whom he referred as a friend. Under the trust created by paragraph Tenth, which has been quoted in the majority opinion and need not be repeated, he made his son the sole *life* beneficiary. We think the Surrogate was correct in holding that the ultimate purpose of the testator was to benefit a widow and issue of his son, the income beneficiary.

The trustees paid over and transferred to testator's son one-quarter of the principal when he reached the age of thirty years. The remaining of the two trustees, when the son reached the age of thirty-five years, "refused to make any further payment of principal" to him. That trustee has now in turn resigned. To hold that there may be exercised by a substituted trustee a discretion as to whether the remaining portion of the estate may be paid over to the testator's son when he reaches the age of forty years requires that the following sentence be entirely disregarded: "It is expressly understood, that these payments are to be made *only* at the discretion of my trustees *heretofore named.*" (Italics supplied.) We must assume that the testator knew that the trustees he had appointed might die or resign. Nevertheless he used the word "only" and the words "heretofore named." We do not think that this clear manifestation of the deliberate intent of the testator should be disregarded.

The order should be affirmed, with costs.

LEHMAN, Ch. J., DESMOND and THACHER, JJ., concur with LEWIS, J.; CONWAY, J., dissents in opinion in which LOUGHRAN and RIPPEY, JJ., concur.

Ordered accordingly.