In the Matter of the Construction of the Will of CHARLES E. SAMPSON, Deceased.

Surrogate's Court, New York County, August 12, 1948.

*Emmet, Marvin & Martin* for Langdon P. Marvin and others, as executors of Charles E. Sampson, deceased, petitioners.

COLLINS, S. The accounting executors ask a construction of the will and a determination that the cash dividends of certain corporations specified in the petition are income within the meaning of the second paragraph which creates a trust for the benefit of the sister of the testator. The petitioners contend that the securities do not constitute wasting assets and that no apportionment between principal and income is required. The court holds that whether or not the securities could be regarded as wasting assets, the testator nevertheless intended that the income beneficiary was to receive the full proceeds of the trust without any apportionment of the dividends of such corporations to principal. (*Frankel* v. *Farmers' Loan & Trust Co.*, 152 App. Div. 58, affd. 209 N. Y. 553; *Matter of Hopkins*, 171 Misc. 910; *Matter of Hall*, 127 Misc. 238; *Matter of Bruen*, N. Y. L. J., July 14, 1948, p. 76, col. 4; Restatement, Trusts, § 239, comment e.) The sister of the testator was the primary object of his bounty. In addition to general and specific legacies, she is the income beneficiary of the residuary trust. The will provides for the payment of the entire

net income to her. In the seventh paragraph of the will the testator directed that the trustees should not be required to establish a sinking fund for the amortization of premiums paid on investments and expressly provided that the income was not to be charged in any form with the loss arising from a depreciation of principal resulting from the purchase of investments above par. He further provided that any extra cash dividend payable by any corporation be treated as income to the extent of the entire amount of any such cash dividend. Other tokens of an intention to require the trustees to pay the whole of the receipts to the life beneficiary are: first, the authority granted to the trustee to retain investments owned by the testator, which would include the securities specified in the petition; second, the small value of the particular securities in contrast with the entire body of assets left by him; third, the small amount of income from the securities in contrast with the income of the entire estate.

In construing the will of the testator the court limits its determination to the securities specified in the petition. There is no present need to construe the will in respect of securities not presently owned by the executors or the trustees.

Pursuant to section 212 of the Surrogate's Court Act, the personal claims of the executors will be heard on the 5th day of October, 1948, at 12:30 P.M. After the determination of such claims a decree may be submitted on notice construing the will in accordance with the decision of the court herein.

Proceed accordingly.