In the Matter of the Accounting of SAMUEL W. LONG et al., as Trustees under the Will of JOHN A. BEELER, Deceased.

Surrogate's Court, Westchester County, June 18, 1952.

McLaughlin, Stickles & Hayden for trustees, petitioners.

William Schroeder for Amanda G. Beeler and others.

Joseph J. Marrin for Dorothy B. Long.

Abraham I. Menin, special guardian.

GRIFFITHS, S. The accounting trustees request instructions as to the proper allocation between principal and income of payments received from fractional interests or shares in oil royalty interests.

By paragraph " FOURTH " of his will the decedent created seven trusts for the benefit of his wife, four daughters, a daughter-in-law and a niece. The major assets of the trusts consist of interests in oil royalties, which were owned by the decedent at the time of his death.

The executors and trustees under the decedent's will qualified on September 10, 1945. On March 23, 1949, a decree was made judicially settling their accounts in both capacities. Both the executors and trustees during the course of the administration of the estate and of the trusts under the will have allocated $72\frac{1}{2}\%$ of the receipts from the oil royalty interests to income and $27\frac{1}{2}\%$ thereof to principal. No issue has been raised as to such allocation in this or the prior proceedings. The petitioners allege that due to the aforesaid allocation the inventory value of each of the oil royalty interests will shortly be recouped. They accordingly request instructions as to the method of allocation, if any, of such receipts once the entire principal, or inventory value thereof, has been recouped.

No case in point has come to the attention of this court. The courts of this State have, however, upon occasion passed upon the nature of royalty interests. Such assets are recognized as " wasting assets " and in the absence of a contrary testamentary intention, apportionment between principal and income of receipts therefrom, at least until trust principal has been recouped, is proper. (Restatement, Trusts, § 239, comment g; *Matter of Hopkins,* 171 Misc. 910; *Matter of Bruen,* 83 N. Y. S. 2d 197.) Although counsel for one of the income beneficiaries argues in his brief that such a contrary intent is manifest in the decedent's will, no objections have been interposed to the apportionments reflected in the accounts.

The testator specifically authorized the executors and trustees to retain " oil royalties and interests " in paragraph " TENTH " of the will. However, he made no specific directions as to the administration of such assets. As a general rule, upon termination of a trust, remaindermen are entitled to receive the value of the original trust assets (*Matter of Albertson,* 113 N. Y. 434), and any enhancement thereof resulting from natural causes. (*Matter of Hagen,* 262 N. Y. 301, 305.) Conversely, the value of the interests of remaindermen may decrease in

value by reason of the operation of natural causes. (*Matter of Densen,* 163 Misc. 232.)

Although the validity of apportioning receipts from wasting assets between principal and income is unquestioned, the continuance thereof after the entire trust principal has been recouped would be in contravention of the rule against accumulation of income. (Personal Property Law, § 16; Real Property Law, § 61.) A testamentary direction providing for such allocation beyond complete recoupment of principal would therefore be ineffectual.

The court accordingly determines that after trust principal has been fully recouped, the entire income from the oil royalty interests is distributable to the respective income beneficiaries.

Settle decree accordingly.