In the Matter of the Accounting of Letitia C. Firth, as Administratrix C. T. A. of Lewis J. Firth, Deceased.

Surrogate's Court, New York County, November 27, 1953.

*McCanliss & Early* for administratrix *c. t. a.,* petitioner.

*Albert Blumenstiel,* special guardian for Lindsay Scott and others, infants, and others, respondents.

*Daniel E. O'Keefe* for National Surety Corporation, respondent.

COLLINS, S. The administratrix with the will annexed is accounting and part of the relief requested is a construction of the sixth article of the will which confers certain powers upon the executors and trustees with respect to the making and handling of investments.

The fifth article of the will creates a trust of the residuary estate. The article following authorizes the executors and trustees to retain investments made by testator and to invest " in such securities and property, real and personal, as to them may seem best and whether or not the same be authorized by law for the investment of estate funds or of trust funds." This is a clear authorization to invest in so-called nonlegals. The same article contains directions as to amortization of premiums paid on the purchase of securities and as to the allocation of dividends between principal interests and income interests in the trust. The seventh article of the will nominates two persons as executors and trustees and authorizes such persons to designate their successors. This article also contains a provision which section 125 of the Decedent Estate Law renders inoperative but which occasions no present concern.

The persons nominated by testator renounced their rights to letters testamentary and letters of trusteeship and thereafter when need for the appointment of trustees arose, letters of trusteeship were granted to the income beneficiary of the trust and another (*Matter of Firth*, N. Y. L. J., April 2, 1953, p. 1090, col. 6). The petitioner herein, who is one of the trustees, asks a determination whether or not the powers granted in the sixth article of the will may be exercised by the trustees who are now acting. The court holds that the discretion granted in this article of the will is not personal to the trustees named therein but is incidental to the office and may be exercised by the present trustees. (*Matter of Fox*, 292 N. Y. 19; *Smith* v. *Floyd*, 193 N. Y. 683; *Irving Trust Co.* v. *Burt*, 290 N. Y. 382.)

It so happens that the present trustees are residents of Pennsylvania and because of this fact petitioner requests a determination that under this will the trustees may remove the trust fund to the State of their residence. The court does not find such authorization in the will. Testator resided outside the United States but executed his will in this State disposing of his American property and he explicitly directed that the will " be construed and regulated by the laws of the State of New York." In so directing testator placed the administration of his estate assets within the control of the laws of this State to the same extent as assets of a resident decedent. (Decedent Estate Law,

§ 47; *Matter of Smith,* 182 Misc. 711; *Matter of Tabbagh,* 167 Misc. 156; *Matter of Cook,* 204 Misc. 704.) The rule is that a resident's estate is to be administered here and the funds and investments of the estate are to be kept here. (*Ormiston* v. *Olcott,* 84 N. Y. 339; *Matter of Hayden,* 141 Misc. 644, 648; *Matter of Poulson,* 155 Misc. 625; *Matter of Fricke,* 166 Misc. 443; *Matter of Fermer,* 177 Misc. 228; *Matter of Kimball,* N. Y. L. J., Oct. 4, 1938, p. 961, col. 2.) In rare instances the removal of assets from this State through the medium of investment in foreign real estate has been condoned only because the court found a testamentary intention to permit such investment. Such intention has been found in the designation of a foreign banking corporation as fiduciary with the grant of authority to retain testator's investments and upon consideration of such appointment in the light of investments in the foreign jurisdiction by the testator in his lifetime. (*Matter of Pessano,* 269 App. Div. 337, affd. 296 N. Y. 564; *Matter of Clark,* 165 Misc. 801.) Where the general rule has not been applied, it has been held that a particular foreign jurisdiction was within the contemplation of the testator and thus it was the testator and not the fiduciary who selected the foreign jurisdiction. Here the choice of the foreign jurisdiction is not the testator's. The removal of assets would not be in conformity with either a suggestion of testator or an implicit intention found in his will but solely because such removal would convenience the fiduciaries. Furthermore, the present trustees are not acting pursuant to either a nomination in the will or a designation by predecessors in office. The trustees nominated by testator were residents of Colorado. The trustees appointed by the court are residents of Pennsylvania. Trustees hereafter appointed, if occasion arises, may be residents of still other States and, if the accommodation of the trustees is paramount, the trust estate again will be removed to their place of residence. Were trust assets to move from jurisdiction to jurisdiction dependent upon the residence of the trustees in office at a particular time, effective judicial control of both trust estates and fiduciaries soon would be lost. Such removal of trust funds beyond this jurisdiction would subject them " to other laws and the risk and inconvenience of distance and of foreign tribunals ". (*Matter of Poulson,* 155 Misc. 625, 627, *supra.*) The sole reason for the removal now requested is that this court appointed nonresident trustee whose convenience will be served if the present request is granted. Considering testator's direction that his estate be regulated by New York law and the absence of any expression by him sug-

gesting an administration in Pennsylvania, the court is of the opinion that the best interests of the estate will be safeguarded by retention of the assets in this jurisdiction.

Submit decree on notice construing the will and settling the account.