THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.*
ELLA FEDER, Defendant.

Court of Special Sessions held by a City Magistrate of the City of New York, Borough of The Bronx. December 14, 1953.

*Denis M. Hurley, Corporation Counsel,* for plaintiff.

*Herman W. Feder* for defendant.

MAHONEY, M. The defendant, Ella Feder, is charged, as owner of the premises 1901 Gleason Avenue, County of Bronx, with violating sections 53 and 78 of the Multiple Dwelling Law, misdemeanors.

The defendant failed to appear on the date for arraignment, but there was filed an attorney's form notice of appearance bearing only the title of the action, the attorney's name, business address, telephone number and date. Upon the call of the case the attorney, who was present, pleaded " not guilty " and requested a date for trial, but without the personal appearance of the defendant. The absence of the defendant prevented the court from informing her of the contents of the information of the complaint and of her rights. Informed by the court that the defendant's personal appearance was required then for arraignment, the attorney stated that he was proceeding with the case without the defendant by reason of the provisions of section 297 of the Code of Criminal Procedure.

When the charge against the defendant is a misdemeanor, as here, which may be tried by a city magistrate holding a Court of Special Sessions, it is essential that the defendant be present at all stages of all proceedings. That is so in order to give the court jurisdiction and to comply with the provisions of law relating to arraignment, examination and trial.

The provisions of section 297 of the Code of Criminal Procedure do not apply to the Magistrates' Courts or the Courts of Special Sessions in the City of New York. Those courts are not courts of record. The Magistrates' Court information of the complaint and the District Attorney's information in the Court of Special Sessions are not indictments for felonies or misdemeanors returned by a Grand Jury. In *People ex rel. Hall* v. *Munson* (83 Misc. 308, 312–316) it was held:

KELLOGG, J. "It is also contended in behalf of the defendants that the defendants having been arrested, or the first warrant naving been issued for the alleged commission of a misdemeanor

only, the personal appearance by the defendants was unnecessary and they might appear by counsel only, in accordance with the provisions of section 297 of the Code of Criminal Procedure as it relates to the trial of indictments. That section 356 also applies thereto, which reads as follows: 'If the indictment be for a misdemeanor, the trial may be had in the absence of the defendant, if he appear by counsel; but if the indictment be for a felony, the defendant must be personally present.'

" That also section 473 applies, wherein it states that judgment may be pronounced in the absence of the defendant. * * * The justice, however, refused to proceed for lack of jurisdiction in that neither of the defendants had ever personally appeared before him. That no return had been made upon the warrant, and that no certificate appeared thereon that the defendants had been admitted to bail by any magistrate of the county of Otsego. * * * I am of the opinion that these provisions cannot be so waived, and that sections 297, 356, and 473 of the Code of Criminal Procedure all of which relate to the trial of indictments in courts of record, have no application to Courts of Special Sessions."

It is essential that the defendant be present for arraignment. Section 699 of the Code of Criminal Procedure is as follows:

"1. In the cases in which the courts of special sessions or police courts have jurisdiction, when the defendant is brought before the magistrate, the magistrate *must* immediately inform him of the charge against him and of his right to the aid of counsel in every stage of the proceedings, and before any further proceedings are had.

"2. The magistrate must allow the *defendant* a reasonable time to send for counsel, and adjourn proceedings for that purpose. * * *

" 3. If defendant require counsel, then immediately after the appearance of counsel or if none appear, after waiting a reasonable time therefor, and if the defendant do not require counsel, then immediately the charge against the defendant *must* be distinctly read to him, and he *must* be required to plead thereto, except as otherwise provided by law in relation to violations of of traffic laws, ordinances, rules and regulations."

The case of *People ex rel. Hall* v. *Munson* (*supra*, pp. 315-316) further holds: "Recurring once more to the real question involved upon this application, could the defendants, after having apparently waived the service of the warrant, and instead of going before the city judge of Oneonta, to be admitted to bail, and having the same indorsed upon the warrant, informally

give an undertaking approved by the city judge and filed with the justice, appear on the date set for trial, by attorney only, and waive the provisions of section 699 of the Code of Criminal Procedure, which require that in cases in which the Courts of Special Sessions have jurisdiction, when the defendant is brought before the magistrate, the charge against him must be distinctly read to him, and he must be required to plead, and by such waiver give the magistrate jurisdiction to proceed. * * * Surely, under the provisions of section 699, the defendant must at some time be brought before the magistrate who must read the charge distinctly to him. Assuming, for the sake of argument, that a defendant goes to trial in a Court of Special Sessions, either with or without a jury, without having first been brought into court, and having the charge read to him, and such trial results in conviction, is he to be brought into court, after conviction, and have the charge read to him? I am not convinced such is the law. In other words, section 699 means just what it says, and there *must* be a compliance with its provisions." (Italics added.)

HOUGHTON, J., says, in *McCarg* v. *Burr,* 106 App. Div. 281: " ' The requirement of section 699 of the Code of Criminal Procedure, that when a defendant is brought before a magistrate the charge against him must be distinctly read and he must be required to plead thereto, is * * * *mandatory and vital* to the interest of a person charged with crime.' Where the charge was not read, however, it would not render void the conviction. *People* v. *Carter,* 88 Hun, 304."

The personal appearance of the defendant for arraignment is made mandatory by section 131 of the New York City Criminal Courts Act.

The decisions in the cases of *People* v. *Genova* (273 App. Div. 496) and *People* v. *Geltman* (267 App. Div. 83, affd. 293 N. Y. 715), make the personal appearance of the defendant mandatory at all stages of all proceedings in every case of a misdemeanor which may be tried by a Court of Special Sessions held by a city magistrate.

Public policy, itself, in view of the provisions of section 131 of the New York City Criminal Courts Act and the holdings in the cases of *People* v. *Genova* (*supra*), and *People* v. *Geltman* (*supra*), make mandatory the personal appearance of the defendant at all stages of all proceedings. The possibilities of the avoidance of a timely disposition of the type of case herein, even to the extent of defeating the true administration of justice by failure of the defendant to personally appear are too appar-

ent to require description or enumeration. That is so even when the defendant is represented by counsel.

Section 131 of the New York City Criminal Courts Act is as follows:

"*Procedure* In every case specified in the preceding section and in every other case of a misdemeanor which may be tried by a court of special sessions held by a city magistrate, the defendant *shall be arraigned* before a court of special sessions held by a city magistrate upon the sworn information of the complaint and the accompanying depositions, if any, and the procedure *following the arraignment* shall be as follows: (Italics ours.)

"1. The defendant shall be advised that he has the right to be tried by the court of special sessions provided for in articles two and three hereof.

"2. The defendant may at any time before the court hears any testimony upon the trial demand to be tried by the court of special sessions provided for in articles two and three hereof, or the district attorney or the legal representative of a department of the state or city in charge of the prosecution, at any time before the court hears any witness to give evidence upon the trial, may demand that the trial be held in the court of special sessions as provided in articles two and three hereof, or the magistrate may, on his own motion, before any witness is heard to give evidence upon the trial, direct that the trial be held in the court of special sessions as provided in articles two and three hereof; in any such instance the city magistrate shall sit as a magistrate, and if the defendant shall not waive examination, shall proceed to examine the case, and as the evidence warrants, either discharge the defendant or hold the defendant to answer for trial before the court of special sessions as provided in articles two and three hereof.

"3. In every other case, the *plea of the defendant* shall be taken and the action tried and determined in such court of special sessions held by a city magistrate and the city magistrate shall exercise with regard thereto all the powers and jurisdiction of the court of special sessions provided for in articles two and three hereof."

The holding in the case of *People* v. *Genova* (*supra*, p. 497) is: "The city magistrate's conceded failure *to advise defendant, who was represented by counsel,* of his right to 'be tried by a court of special sessions' (N. Y. City Crim. Cts. Act, § 131) deprived the magistrate of jurisdiction to proceed with the trial. Section 131 of the New York City Criminal Courts Act now

requires that the *defendant* be advised of this right, and such advice having been given, the *defendant* may at any time, before the court hears any testimony upon the trial, demand to be tried by the Court of Special Sessions.''

It was held in the case of *People* v. *Geltman* (*supra*) as follows:

''UNTERMEYER, J.  The defendant, charged with the violation of section 225 of the Sanitary Code of the City of New York in failing to furnish heat to the apartment of a tenant, was arraigned at a Municipal Term of the Magistrates' Court in the Borough of Bronx.  In accordance with section 131 of the New York City Criminal Courts Act *he* signed before the Magistrate at that time assigned to the Municipal Term in the Borough of Bronx, a written consent to a trial 'by a Court of Special Sessions held by a City Magistrate'.

''Successive adjournments were granted at the defendant's request by the Magistrate before whom the consent had been executed, eventually resulting in the defendant's appearance for trial before a different magistrate.  The defendant requested a further postponement upon various grounds and also asserted that the defendant had the unqualified right at any time to withdraw the consent previously signed by him.  Although we agree with the People that no such unqualified right exists, the fact remains that the *defendant* never consented, as the statute requires, to a trial before a Magistrate different from the Magistrate before whom his written consent had been executed. * * *

'' It is evident from these provisions [§ 131, New York City Criminal Courts Act] that the *defendant,* having consented to such a trial by a particular Magistrate, may not, without *his* consent, be tried ' by the next magistrate sitting in the same magistrate's district court '.  It is true that in the present case the defendant secured adjournments which caused the case to be eventually called for trial before a different Magistrate.  But the defendant's request for adjournment of the trial, which might have resulted in a trial before the same Magistrate to whom his consent had been given, is not the equivalent of a consent to a trial before a different Magistrate.  Before the *defendant* in a criminal proceeding may be held to have waived the important right to a trial before a Court of Special Sessions constituted as provided in the statute *it is essential that every requirement of the law shall have been scrupulously observed.*'' (Italics added.)

The defendant appeared, was duly arraigned and the case postponed as requested.