In the Matter of the Accounting of ROBERT G. SEIDNER et al., as Trustees under the Will of ALFRED POLLAK, Deceased.

Surrogate's Court, New York County, September 30, 1955.

*Isaac M. Levinson* for trustees, petitioners.

*Jerome J. Lande,* special guardian for Toni Pollak, an infant, respondent.

COLLINS, S. The decedent herein left the residue of his estate in trust, the " rents, issues, income and proceeds " to be paid to the widow for life with remainder to their children. In the event that a child should predecease the widow, the child's share goes to his issue. The trust is in being and decedent's children are alive. Among the assets of the trust is a licensing agreement originally entered into by the decedent. The agreement grants exclusive rights to a secret process developed by the decedent and another for improving the flavor of rye bread. The will authorized the retention of investments of the decedent. The special guardian has interposed objections in this trustees' accounting on the ground that the process and the agreement constitute a " wasting asset " and that, accordingly, a portion of the revenues should be allocated to principal (*Matter of Elsner,* 210 App. Div. 575). Whether or not this is a wasting asset, the rule of apportionment " is not a rigid one and yields readily when in the light of existing circumstances the will indicates a different intention on the part of the testator." (*Matter of Hopkins,* 171 Misc. 910, 911.) The circumstances presented herein make clear that the decedent intended all the proceeds derived from this process to go to his widow without apportionment. (Cf. Restatement, Trusts, § 239, subd. e; *Matter of Sampson,* 193 Misc. 166, and *Matter of Bruen,* 83 N. Y. S. 2d 197.) Furthermore, there has been no showing that the initial

value of this asset has been dissipated in any way (the test of a wasting asset), and where principal remains unimpaired in value, earnings are income (*Matter of Elsner, supra; Matter of Pennock,* 285 N. Y. 475; 2 Scott on Trusts, § 239; *Matter of Beeler,* 203 Misc. 100; *Matter of Untermeyer,* 95 N. Y. S. 2d 2). The objections interposed to the account are accordingly dismissed.

The fee of the attorney for the estate is fixed in the amount requested. The application for appointment of the widow as substituted trustee is granted. The trustees are authorized to abandon certain nonproductive real estate as requested.

Submit decree settling account of trustees on notice accordingly.