Vincent A. Lupiano, J.
This motion, pursuant to article 79 of the Civil Practice Act and section 20 of the Personal Property Law of New York, seeks an intermediate accounting of a trust, the appointment of successor trustees and a determination of the powers and duties of the successor trustees.
There are no objections to the accounting or to the designation of successor trustees and the only question is the determination of the powers and duties to be conferred upon the successor trustees.
The trust instrument, executed in 1925, provided a life interest for the settlor, Lily Carstairs Towers, and upon her death to be divided into equal shares for the benefit of her two children during their respective lives and then to vest subject to the children’s power of appointment. Two trustees were appointed. The trust indenture in substance empowered the trustees to invest in so-called “ non-legals ” which are securities not enumerated in section 21 of the Personal Property Law. The Tenth article of the trust instrument provided that if only one trustee shall be acting, that trustee shall have authority to appoint a successor trustee, further adding, “ The powers hereinbefore granted to the Trustee may be exercised so long as one of the original Trustees may continue to act as trustee.”
The trustees have died and there was a failure by the surviving trustee to appoint a successor. The settlor has two children and four grandchildren who all have vested interest in the trust. The grandchildren are infants and represented by a guardian ad litem.
*432 Section 20 of the Personal Property Law of New York provides that where a trust has vested in the Supreme Court by virtue of the death of a last surviving trustee, the court shall appoint a successor trustee “ whom the Court may invest with all or any of the powers and duties of the original trustee ”. While this section appears to give the court broad discretion, such discretion should be exercised mindful of the wishes of the beneficiaries (Matter of Gunther, 197 App. Div. 28). Upon this motion the settlor, who is also the first life beneficiary, requested that Charles S. Towers, her son and secondary life beneficiary, and Bichard H. McCann, an attorney, be named as successor trustees with the same powers as those given to the original trustees. Her daughter and the petitioner join in this request. The guardian ad litem opposes it upon the grounds that the Tenth article of the indenture specifically denies the granting of the powers to successor trustees.
It cannot be denied that the Tenth article is ambiguous in that it is not clear whether “powers hereinbefore granted” refer to previous articles which deal with general trust powers or merely refer to the particular power to appoint a successor in article Tenth. With reference to ambiguity, Professor Scott in his treatise on Trusts, states (Yol. 2, § 196, p. 1478) that the question whether powers conferred upon a trustee can be exercised by successor trustees “ depends in the last analysis upon the manifestation of intention of the settlor.” And the intention of the settlor is certainly manifested by her signed request in this very proceeding that the powers be continued.
Moreover, one of the nominated successor trustees is the son of the settlor, himself a beneficiary; the other' is her attorney. Clearly, this family relationship among the settlor, trustee and beneficiaries, indicates the settlor’s desire and intent to continue the trust powers (2 Scott on Trusts, § 196, p. 1478).
Nor can it be said that the granting of a discretionary power to invest in “ non-legals ” is a personal right to be conferred upon an individual. It is merely incidental to the office of the trustee and may be exercised by a successor (Matter of Fox, 292 N. Y. 19; Smith v. Floyd, 193 N. Y. 683; Irving Trust Co. v. Burt, 290 N. Y. 382; Matter of Firth, 205 Misc. 10.1).
There is a growing tendency among the courts to confer trust powers on successor trustees unless there is specific language in the trust instrument prohibiting it (2 Scott on Trusts, § 196). Thus, when a trust at its inception has a considerable time to run, there is an inference that any powers granted to original trustees may be exercised by their successors unless the settlor specifically expresses a different intention (Matter of City Bank *433 Farmers Trust Co., 64 N. Y. S. 2d 523; cf. Matter of Griesel, 63 N. Y. S. 2d 73).
Accordingly, the motion for an intermediate accounting is granted in all respects and Richard H. McCann and Charles S. Towers are appointed successor trustees, to act with all the powers of the original trustees as set forth in the trust instrument except that said successor trustees shall not have the power to nominate successors. Settle order.