Maximilian Moss, S.
This is an application for the issuance of letters of trusteeship on the estate of a nonresident testator. Testator died a resident of the State of West Virginia and his will was there duly admitted to probate. He died seized of an interest in real property situate in this county and State. An exemplified copy of his will and decree of probate were filed and recorded in this court, pursuant to the provisions of sections 44 and 45 of the Decedent Estate Law. Under the provisions of the will, a banking corporation organized and existing under the laws of West Virginia was appointed and duly qualified as executor and trustee in that State.
The petitioner herein, which had duly qualified as trustee in the State of testator’s domicile, seeks the issuance to it here of letters of trusteeship, alleging that it is qualified to receive *756 such letters under the reciprocity provisions of subdivision 3 of section 131 of the Banking Law. No statute of the State of West Virginia is cited or quoted in the petition to the effect that a New York bank or trust company may qualify and act as trustee in that State. In lieu thereof, there is submitted an affidavit of an attorney in West Virginia expressing his opinion that reciprocity exists between the States and that a New York bank or trust company may qualify as trustee in West Virginia under the will of a testator domiciled in the State of New York. In support of his opinion he cites and quotes section 3 of article 5 of chapter 44 of the Code of West Virginia, 1931, as amended, as follows: “ Notwithstanding any other provision of law, no person not a resident of this State nor any nonresident banking institution nor any corporation having its principal office or place of business outside of the state of West Virginia shall be appointed or act as executor, administrator, curator, guardian, or committee, except that a testator who is a nonresident of the State at the time of his death may name, and there may be appointed and act, a nonresident as his executor, and except that for the guardian of an infant who is a nonresident of the state there may be appointed the same person who was appointed guardian at the domicile of the infant ”, and section 2 of article 1-a of chapter 38 of the Code of West Virginia, 1931, as amended, providing: “No person not a resident of this state may be named or act, in person or by agent or attorney, as the trustee of a security trust, either individually or as one of several trustees, the other or others of which are residents of this state ”.
He concludes that because the statute first above cited does not expressly prohibit a nonresident bank or trust company from acting as a testamentary trustee, and the second cited statute is limited to security trusts, which by definition in West Virginia do not embrace testamentary trusts, the Legislature has indicated a policy to permit a nonresident bank or trust company to qualify there and act as testamentary trustee. He states that he has found no judicial decision of any court in West Virginia so construing the law nor has he been able to point a single instance in which a New York bank or trust company has been permitted to act as trustee under a will of a nonresident of West Virginia.
The intendment of the statute (Banking Law, § 131, subd. 3), is to prevent competition with New York trust companies by trust companies of States other than those according reciprocal privileges to New York trust companies. (Matter of Matthiessen, 195 Misc. 598.) In view of the statute, no trust company *757 of another State may qualify as a testamentary trustee within this State where the statutes of such other State do not affirmatively confer such privilege on a trust company of this State or there is no authoritative judicial determination that such reciprocity exists. In the absence of such demonstration the present application must be and is denied. Submit order.