Owen McGivern, J.
The trust indenture which is the subject of this proceeding was executed in 1939 in New York between a New York settlor and a New York trustee, and specifically provided that it was to be governed by New York law. No power of revocation or amendment was reserved.
. Subsequent to the execution of the trust indenture, the settlor, who is also life beneficiary, moved to California. Some remaindermen live in California; others in New York.
The trustee died in 1956. The successor trustee named in the indenture, also a resident of New York, qualified in order to provide interim administration, but now requests leave to resign, to which request there is no. opposition.
The successor trustee and the settlor both request the appointment of a California bank as the new trustee. The special guardian for infant remainderman objects and suggests that a New York corporate fiduciary be appointed.
The successor trustee and the settlor rely on Matter of Matthiessen (195 Misc. 598 [1949]). In that case Mr. Justice Hofstadteb, held that a California bank might be appointed successor trustee of an inter vivos trust created in New York despite the provisions of subdivision 3 of section 131 of the Banking Law, which prohibits fiduciaries incorporated in other jurisdictions from acting in this State unless their domiciliary jurisdictions grant similar privileges to New York banks. Concededly California does not extend such privileges to our corporate fiduciaries. Mr. Justice Hofstadteb pointed out that the Banking Law applied only within this State, and that the prospective appointee would administer the trust in California.
The instant question is thus whether the court should permit the situs of the trust to be removed to the foreign jurisdiction. *623 Such permission was granted in the Matthiessen ease (supra) because the court found that the trust indenture there sub judice bore “ evidence of the donor’s intention to authorize the transfer of the situs of the trust ” (195 Misc. 605). Such evidence was found in the provision authorizing a beneficiary who resided in California at the time the trust was created (1) to require the resignation of his cotrustee and (2) to appoint a successor trustee.
In the case before us there is no evidence of any such intention. On the contrary, it seems clear that at the time the trust was created the settlor intended to create an irrevocable New York trust. Under such circumstances, the trust should continue to be administered here. In Matter of Chase Nat. Bank (Stillwell) (102 N. Y. S. 2d 124 [1950]) it was held that this court would not allow trust property to be taken out of New York to be administered in New Jersey by a New Jersey corporate fiduciary designated by the donee of a power of appointment. Mr. Justice Schbeibeb held that the intent of the settlor that the New York courts should have exclusive jurisdiction should prevail over the directions of the donee, and distinguished Matter of Matthiessen (supra) upon the ground that there “the settlor’s intent * * * was clearly evident” to permit transfer to another jurisdiction (102 N. Y. S. 2d 130; cf. also, Matter of Smith, 2 Misc 2d 755). Similarly, in the present case, the unreserved intent of the settlor at the time she created this irrevocable trust must prevail over her current wishes.
Accordingly, an interim order accepting the resignation of the successor trustee and appointing the Hanover Bank as trustee in his place has been signed.