■ In the Matter of the Second Intermediate Accounting of HENRY WEINBERGER et al., as Trustees of a Trust Created for LEONA W. PATTIZ and Remaindermen under the Will of EVA C. WEINBERGER, Deceased, et al., Appellants. RALPH KARTZMAN, as Special Guardian for NANCY I. PATTIZ, an Infant, Respondent. In the Matter of the Second Intermediate Accounting of HENRY WEINBERGER et al., as Trustees of a Trust Created for ALAN C. WEINBERGER and Remaindermen under the Will of EVA C. WEINBERGER, Deceased, et al., Appellants. MILTON SOMERFIELD, as Special Guardian for JUDITH D. WEINBERGER and another, Infants, et al., Respondents.— Decrees

of Surrogate on intermediate accounting insofar as appealed from unanimously reversed on the law and on the facts and in the exercise of discretion, and application of individual trustees for leave to apply to the Superior Court of the State of California for the County of Los Angeles for the issuance of letters of trusteeship to themselves and to a corporate fiduciary appointed by said court, granted, with costs to all parties filing briefs payable out of the trust estate. The decedent, creator of the testamentary trust herein, died a resident of New York. The trustees are her son, her husband and Morgan Guaranty Trust Company. Both of the individuals have moved to Los Angeles and are domiciled there. As the corpus of the trust consists of corporate securities, the administration of the trust has become difficult due to the distance between the place of business of the corporate trustee and the residence of the individual trustees. This situation prompted the application. A special guardian appointed for infant remaindermen examined into the facts and reported favorably to it. The corporate trustee does not oppose. The Surrogate found that there is nothing in the will which either sanctions or bars the proposed transfer of the trust. An *inter vivos* trust created by the same testator prior to her death has already been transferred to California (*Matter of Morgan Guar. Trust Co. [Weinberger]*, N. Y. L. J., June 7, 1963, p. 16, col. 2). In the absence of a contrary intent shown to have been held by the creator of a trust, there is nothing in our public policy which prevents such a transfer (*Matter of Matthiessen*, 195 Misc. 598). Here where there is every indication that the administration of the trust will be facilitated by the transfer and no reason to believe that the donor intended to forbid a transfer under the circumstances, the application should be allowed. Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.