In the Matter of the Accounting of BANKERS TRUST COMPANY, as Trustee under a Trust Created by HELEN B. HUDSON, Respondent. MARJORIE B. TURNBULL et al., Appellants; RAYMOND G. HUDSON et al., Respondents.

Third Department, January 19, 1968.

*Lloyd C. Anderson* (*Frederick V. Marsi* of counsel), for Marjorie B. Turnbull and another, appellants.

*Frank M. Chupp,* guardian ad litem for Virginia Rae Hudson and others, infant remaindermen, appellants.

*Deyo, Turnbull, Turner & Normile* for Bankers Trust Company, respondent.

*Curtis L. Lyman* for Raymond G. Hudson and another, respondents.

HERLIHY, J. This is an appeal from a judgment of the Supreme Court at Special Term in a proceeding under CPLR article 77 which adjudged that the situs of the *inter vivos* trust involved herein may be transferred out of New York State and settled certain accounts of the petitioning trustee.

Certain of the remaindermen named in the subject trust indenture appeal from so much of Special Term's judgment as permits the situs of the trust to be removed to the State of Florida.

On August 5, 1959 Helen B. Hudson, as settlor, created an *inter vivos* trust of negotiable securities naming the Bankers Trust Company, a New York State bank, as trustee. The trust agreement provided for payment of income to the donor during her lifetime and, upon her death, after a partial payment of principal to her husband, Raymond G. Hudson, the income from the balance was payable to him during his lifetime. The settlor reserved the right to modify or revoke the trust and to remove the trustee by written notice. The agreement also empowered her husband, if he survived her, to remove the trustee and appoint a successor trustee, which must be a cor-

porate trustee. Upon the death of the donor's husband, specific payments from principal are to be made to nine named persons and the remainder is payable to the settlor's sister or niece.

The agreement further provided that the trustee was not restricted to investments authorized by the laws of New York, but that all questions pertaining to its validity, construction or administration were to be determined in accordance with the laws of New York. The trustee, after the donor's death, was authorized, in the exercise of its discretion, to pay over to her husband all or any part of the principal of the trust fund which the trustee might deem necessary and proper for the maintenance, support and general welfare of the husband. The trust agreement specifically provided that "the primary concern of the donor in creating this trust is for the income beneficiary".

On April 24, 1964 the settlor died survived by her husband. On April 7, 1966 the surviving husband, then a resident of the State of Florida, executed a written notice removing the Bankers Trust Company, as trustee of the trust, and thereafter appointed the Florida Bank and Trust Company at Daytona Beach, as successor trustee.

The Bankers Trust Company has filed an account of its proceedings as trustee and seeks an order settling its final account and also for a construction of the trust agreement as to whether the situs of the trust may be removed to the State of Florida and whether the Florida Bank and Trust Company at Daytona Beach may be appointed successor trustee to administer the trust.

It appears that the situs of a trust *may* be transferred from one State to another where the trust indenture expressly permits such a transfer or where no contrary intent is shown to have been held by the creator of the trust. (See *Matter of Weinberger,* 21 A D 2d 780; *Matter of Matthiessen,* 195 Misc. 598.)

The decision of Special Term is explicit insofar as it finds that the trust agreement does not show any intention to prevent a change of situs. It is not clear as to whether it was found that the indenture shows an intent to permit such a change and in this regard we find that while the indenture shows an intention to primarily benefit the present life beneficiary, it does not show an intent to permit a change of situs. In regard to the intent of the settlor, the subject trust agreement is analogous to the paper writings involved in *Matter of Weinberger (supra)* and *Matter of Matthiessen (supra)*.

In both *Weinberger* and *Matthiessen,* however, the facts

established and the courts found that a change of situs would facilitate administration of the trusts in that the individual trustees resided in the State to which the situs was to be changed.

In the present case there is no showing that the administration of the trust would be facilitated by a change in situs or that the proposed change would be of any benefit to those persons having a beneficial interest in the trust, including the husband of the settlor or so-called "prime" beneficiary. It appears that none of the remaindermen reside in the State of Florida and the only inference available on this record is that such a change in situs would render it more difficult and expensive for them to protect their interests.

We determine that in the absence of either an express provision for a change of situs or a necessary implication of an intent that the situs can be changed, such a change will not be permitted by a successor to the settlor except upon a showing that the change will benefit the administration of the trust or if it is a question of benefit to a holder of a beneficial interest, a showing that the change is beneficial to such holder and not unduly burdensome to other beneficially interested parties.

It is conceded upon this appeal that the successor trustee named by Raymond G. Hudson is not qualified as trustee in New York State and that if the situs cannot be changed, the petitioner must continue as trustee until a new trustee is duly appointed and qualifies.

Upon the facts and circumstances of this case we determine that Special Term erred in granting permission to change the situs of the trust and the judgment appealed from must be modified.

The judgment should be modified, on the law and the facts, by striking from the first decretal paragraph so much thereof as purports to *finally* settle the accounts and by providing that the accounts are *intermediately* allowed; by deleting all of the second decretal paragraph; by deleting all of the sixth and seventh decretal paragraphs; by providing that the Bankers Trust Company is to continue as trustee until a successor trustee is duly appointed and qualified, at which time the final accounts of the trustee are to be settled; and, as so modified, affirmed, with costs.

GIBSON, P. J. (concurring). The trust donor's intent is, of course, controlling in determining whether the situs of the trust may be removed from this State. "In the absence of a contrary intent shown to have been held by the creator of a trust, there is nothing in our public policy which prevents such a transfer".

*(Matter of Weinberger,* 21 A D 2d 780, 781.) Here, in the light of all the circumstances, the settlor's direction that the trust be administered in accordance with the law of this State and her selection of a New York bank as the original trustee constitute a sufficient showing that she intended that the corpus of the trust be retained within this jurisdiction and its administration supervised by our courts. (Cf. *Matter of Flexner,* 7 Misc 2d 621; *Matter of Firth,* 205 Misc. 101; *Matter of Chase Nat. Bank* [*Stillwell*], 102 N. Y. S. 2d 124.) While the courts of another jurisdiction could apply the law of this State in construing the trust instrument (*Matter of Matthiessen,* 195 Misc. 598), there has been no showing that the ultimate beneficiaries would be accorded in a foreign jurisdiction all the procedural safeguards which would be applicable were the life beneficiary's choice of a successor corporate trustee limited to corporations doing business within this State.

GIBSON, P. J., AULISI, STALEY, JR., and GABRIELLI, JJ., concur with HERLIHY, J.; GIBSON, P. J., in an opinion, in which AULISI and GABRIELLI, JJ., concur.

Judgment modified, on the law and the facts, by striking from the first decretal paragraph so much thereof as purports to *finally* settle the accounts and by providing that the accounts are *intermediately* allowed; by deleting all of the second decretal paragraph; by deleting all of the sixth and seventh decretal paragraphs; by providing that the Bankers Trust Company is to continue as trustee until a successor trustee is duly appointed and qualified at which time the final accounts of the trustee are to be settled; and, as so modified, affirmed, with costs.