George E. Severson, S.
An application has been presented to this court for an order permitting the Lubbock National Bank, Lubbock, Texas, to qualify as trustee in this estate in this court and for issuance of letters of trusteeship to it. In connection with the application, all interested parties have consented. In addition, the nominated domiciliary corporate fiduciary has filed, at the request of petitioner, its renunciation of its appointment as trustee.
Decedent died on October 30, 1973 a resident of this county. His last will and testament, executed July 25, 1961 in this county was duly admitted to probate in this court on December 17, 1973 and letters testamentary issued to his widow, Alice E. Turrentine (now Alice E. Howser) the same date. The will after an outright bequest to the widow of an amount equal to the maximum marital deduction allowable for Federal tax purposes passing to her under the will or outside the will so as to qualify for said marital deduction gives the residue to the Schenectady Trust Company in trust, to pay income to the widow for life (and authorizes payments from corpus even to the point of exhausting the same) and on her death, the entire balance to be distributed to her children *172 equally. As aforesaid, all children have consented to the relief requested.
This petition alleges that the executrix moved to Texas in May, 1974 where she remarried in November, 1974. It further alleges that she intends to make Texas her permanent abode since she had been born there. She further states "that she has physically moved all of her accounts and assets and all of the accounts and assets of the estate to the State of Texas and has no intention of ever taking up residence in the State of New York in the future.” (Emphasis supplied.) The petition further recites her request to the Schenectady Trust Company to renounce its right to appointment as trustee.
In dealing with this application, the removal of the assets of this estate from the State of New York by the executrix must be considered first. This removal is a direct violation of SCPA 710 (subd 4) which provides "4. No fiduciary shall remove property of the estate without the state without the prior approval of the court and upon filing a bond if required by the court.”
Although the court feels that such removal was an unintentional violation of the express provisions of the section, when considered with the nature of this application, the court deems necessary that all estate assets be delivered to the estate attorneys in New York to be kept in their custody in this State pending further order or decree. (SCPA 711, subd 7; 201, 205)
Turning to the request for the appointment of a National Bank located in Texas as trustee it is noted that the moving papers do not comply with section 131 of the Banking Law relating to the qualification of foreign institutions as fiduciaries in this State. It has been represented to the court that these details can be furnished, but the matter can be disposed of on other grounds.
It should be noted at the outset that this application is unopposed and directed to the discretion of the court. Similar requests have been made in the past to other courts of this State. Some of the cases involve testamentary trusts, and others involve inter vivos trusts. The principles are the same in either case.
The reported cases referred to in this decision differ somewhat from this application in that in those cases request was made for a change in the situs of the trust with the assets removed to the new jurisdiction and the administration *173 thereof supervised by the courts of the other State. Here, the request is for the appointment of the foreign banking corporation by this court, which, at least for a time, would operate under the supervision of this court. That the Texas bank would expect that the assets be under its control in Texas is without question, the executrix having already moved them there. If appointed, the next step probably would be on the authority of Matter of Matthiessen (195 Misc 598); Matter of Smart (15 Misc 2d 906); Matter of Weinberger (21 AD2d 780) and Matter of Benedito (NYLJ, July 17, 1975, p 14, col 5) to change the situs of this trust to Texas, the trustee having its office in that State. Those cases allowed such change of situs and are cited herein with other cases hereinafter mentioned because the discussions regarding the intent of the testator or the grantor in those cases are germain to this issue. Or an application could be made under SCPA 710 (subd 4) for removal of the fund to Texas.
In these four cases cited above the decisions mainly revolved around the situation where at least one of the trustees was, or became, a nondomiciliary of this State.
In reviewing a decree of a lower court permitting the change of the situs of an inter vivos trust from New York to Florida, the Court of Appeals in Matter of Hudson (23 NY2d 834, affg 29 AD2d 145) at pages 835-836, adopted the findings of the Appellate Division which reversed and prohibited the transfer (1) "in the absence of either an express provision for a change of situs or a necessary implication of an intent that the situs could be changed, such a change would not be permitted except upon a showing that it would benefit the administration of the trust or, if it was a question of benefit to a holder of a beneficial interest, a showing that the change was beneficial to such holder and not unduly burdensome to other beneficially interested parties;” and (2) "in the light of all the circumstances, the settlor’s direction that the trust be administered in accordance with the laws of New York and her selection of a New York bank as trustee constituted a sufficient showing that she intended that the corpus of the trust be retained in New York and its administration supervised by the courts of New York.”
Although Hudson involved an inter vivos trust, the situation (other than changing the situs) is analogous to the present case. This decedent was a New York resident and his will was probated here. Under such circumstances there is no *174 question but that the estate is to be administered here or that New York Law applies. This is conceded as the application is for New York letters to issue. There can be no finding other than there is no express provision for any change in situs nor can one be implied. As á matter of fact, not only does New York law apply for reasons stated above, but in addition decedent in paragraph "tenth” of his will conferred special powers to his executor and trustee "in addition to the powers conferred by law”. This reference today for a New York domiciliary whose will is probated here would chiefly concern the many provisions of EPTL 11-1.1, relating to powers of fiduciaries, although not exclusively so, there being many other statutes and decisions applying to trusts.
There is no showing here that the relief requested would be beneficial to the administration of the trust. In fact, although some convenience may attach to the life beneficiary by having a Texas trustee, all the children but one reside in other widely scattered States, so that the convenience can only attach to conferences relating to policy and the like. This may be done in other ways. Certainly if this court is to maintain jurisdiction, because no request is made to change the situs of the trust with accountability to the courts of Texas the benefits to this court must also be considered. Should some question arise as to administration of the estate (including problems such as construction), the court is in a much better position to enforce its decrees where the fund and the trustee are physically located within its jurisdiction. While it is true that the trust under consideration involves only the widow and children and there is no present problem, it cannot be said that the situation would not change by reason of death or some other reason in the future. It is also true that some measure of protection can be afforded by a bond (SCPA 710, subd 4). However, questions also arise where a bond is filed. Moreover, by appointing a domiciliary trust company as trustee, which is not required to furnish a bond, it can be inferred that testator did not wish his rather substantial estate to be saddled with the expense of a bond.
Further expression of testator’s intent that the trust be retained in New York and its administration supervised by this court in New York is found in his nomination of the Schenectady Trust Company, of Schenectady, N.Y. as trustee.
There is one other consideration. Jurisdiction of the trust cannot be changed upon the request of the life beneficiary for *175 the sole reason that he or she moves and wishes a local bank to administer the trust. The intent of the testator as expressed in his will or as implied from his use of language therein and the law of his domicile must control.
Accordingly, based on the foregoing findings, the application for the appointment of a national bank in Texas as trustee is denied in its entirety.
Some or all of the foregoing principles are found in the reported case. Those, among others with the type of trust indicated which did not allow transfer are as follows: Matter of Hudson (29 AD2d 145, affd 23 NY2d 834, supra) (inter vivos); Matter of Firth (205 Misc 101) (testamentary); Matter of Flexner (7 Misc 2d 621) (inter vivos).
In other cases, intent (or the absence of a contrary intent) was found permitting a change of situs. These cases are not contrary to the above holding. (Matter of Weinberger, 21 AD2d 780, supra [testamentary]; Matter of Smart, 15 Misc 2d 906; [inter vivos]; Matter of Matthiessen, 195 Misc 598, supra [inter vivos]; Matter of Benedito, NYLJ, July 17,1975, p 14, col 5, supra [testamentary].) However it must be pointed out again that the request in all of the cited cases above was to transfer the situs and accountability of the trusts to other States.
As indicated, the nominated corporate fiduciary located in this county has renounced. This trust company was the personal choice of decedent to act as his trustee, and no permission is given in the will for any person to demand its renunciation or for the appointment of a successor. These duties rest with the court by law. A change in domicile of the life beneficiary, standing alone under the above principles is not sufficient reason to change a trustee or to remove property from this State. No letters having issued on this trust, the nominated trustee in the will is requested to retract its renunciation (SCPA 1504, subd 2) and to qualify as trustee in this court.