*948 OPINION OF THE COURT
Renee R. Roth, S.
The trustee of a trust created under the will of Oliver Parker McComas requests permission to resign and to have the situs of such trust transferred to the Isle of Man in the United Kingdom.
Although the transfer of the situs of both testamentary and inter vivas trusts to a sister State (governed by full faith and credit) is well established in New York, moving a trust to another country raises novel issues.
Our courts have permitted the transfer of a trust to another State where the instrument contains express provision for the move or where no contrary intent is expressed and administration of the trust will be facilitated and the interests of the beneficiaries will be promoted (Matter of Weinberger, 21 AD2d 780; Matter of Benedito, 83 Misc 2d 740; Matter of Smart, 15 Misc 2d 906; Matter of Matthiessen, 195 Misc 598). In those cases where transfer was denied, it appeared that the trust instrument contemplated New York administration or the proposed transfer was not in the best interest of the beneficiaries (Matter of Hudson, 29 AD2d 145, affd 23 NY2d 834; Matter of Turrentine, 83 Misc 2d 170).
In addition to meeting these criteria, where the request is to move the trust out of the country, petitioners must satisfy other concerns not present in the case of a sister State, namely, whether the foreign jurisdiction will be able or inclined to apply the traditional law of trusts; whether such country has adequate procedural safeguards available to trust beneficiaries here; whether the proposed country’s unfamiliarity with trust law could frustrate the implementation of the testator’s intention and, finally, whether the loss of tax revenue to this country is a matter for consideration.
In the instant case, Mr. McComas died in 1957 survived by his wife and two children. Under his will, he established the trust at issue for the successive life income benefit of his wife and their daughter Rhonda with remainder, on Rhonda’s death, to her issue. The widow has since died. Rhonda, the present income beneficiary, and her children are domiciled in Great Britain. The petitioning trustee is Rhonda’s brother, who now lives in California and seeks to resign because of age and ill health. The trust is valued at approximately $1,000,000.
*949 Testator’s will neither sanctions nor forbids transfer of the situs of the trust. The parties offer the following reasons for the transfer: the availability of a professional trust administrator "skilled in the base currency of the life income beneficiary”; the convenience gained by physical proximity to the beneficiary; and the ability to diversify the portfolio by eliminating the capital gains tax on the sale of highly appreciated shares of stock which comprise a large part of the trust. Furthermore, the beneficiary is subject to the tax laws of the Isle of Man, which are more favorable to the trust and, since there will be no need to convert from dollars to pounds sterling, she will have more certainty about the level of trust income.
All these reasons justify the transfer under the traditional criteria used by our courts. With respect to the additional criteria suggested for foreign transfers, the laws of the United Kingdom fully satisfy all the concerns expressed above. The problem of administration under unfamiliar laws is absent because our laws regarding trusts had their origin in Great Britain and the procedural safeguards available to the beneficiary here are also present in England. Finally, with respect to the loss of Federal income tax revenue, it is the law of this State that all testators are presumed to have intended to take full advantage of all the ways authorized by law to reduce the impact of taxes upon their estates and trusts and their beneficiaries (Matter of Lepore, 128 Misc 2d 250; Matter of Olson, 77 Misc 2d 515). This strong policy has produced a line of cases which construe and reform instruments to implement such presumed intent (see, e.g., Matter of Choate, 141 Misc 2d 489, 491; Matter of Martin, 146 Misc 2d 144, 148).
The proposed transfer, which will facilitate trust administration and promote the interests of the beneficiary, is entirely consonant with the testator’s intention.
Based upon all the foregoing, the transfer of the trust out of this State and this country is appropriate. Accordingly, the trustee’s application for permission to resign is granted and the situs of the trust is transferred, as requested, on condition that the Chancery Division of the Isle of Man accepts jurisdiction. The application for the appointment of a successor trustee should be addressed to that court.