OPINION OF THE COURT
Renee R. Roth, S.
The trustees of the trust established under the will of William Rockefeller ask the court to allow the corporate trustee, the Chase Manhattan Bank (now known as JP Morgan Chase Bank), to resign in favor of its affiliate, JP Morgan Trust Company of Delaware, and to change the situs of the trust to the State of Delaware. By order dated May 15, 2002, the request for the change of corporate trustee was granted. The sole issue remaining is whether under the circumstances presented changing the situs of the trust is also warranted.
Testator died on June 24, 1922, domiciled in New York County, leaving a will dated September 5, 1919, which was duly admitted to probate by this court on July 5, 1922. Under article *555 seventh of the will, a trust was created for the benefit of decedent’s son, William G. Rockefeller, and his descendants. Letters of trusteeship for such trust were issued to three individuals. Pursuant to article eighth of the will, the individual trustees then acting were given the power to nominate a corporate fiduciary to act with them, and by order dated July 18, 1937, the predecessor to JP Morgan Chase Bank was appointed to serve with the individual trustees.
Petitioners’ application for a change of situs was based on the trustees’ desire to eliminate the high New York State fiduciary income tax payable by the trust. But that objective concededly is met by the resignation of the New York corporate trustee and the appointment of its Delaware affiliate, as a result of which the trust will no longer be taxable by this State (Tax Law § 605). Petitioners nevertheless request a change of situs.
The income tax benefit obtainable by the substitution of the corporate trustee’s Delaware affiliate is clearly in the interests of the beneficiaries. Indeed, the frequency with which such applications are made reflects an understandable eagerness on the part of persons interested in trusts to be rid of the high tax price payable where the fiduciary is a New Yorker. Although no formal tally has been made of the number of such applications, it is clear that their combined result — a loss of trust business by this state — is sufficiently serious to suggest that New York’s high fiduciary income tax may be counterproductive to the state’s overall economic interests. The New York Legislature is urged to evaluate the present fiduciary income tax scheme in light of its negative repercussions, including the trend embodied by applications such as the one presently before the court.
Achieving the desired tax relief, however, is not inconsistent with the continued supervision of the trust by the courts of this state and the application of New York law. The requested change of situs would make the trustees accountable in the courts of Delaware, rather than of New York, and subject the administration of this trust to the laws of Delaware. Petitioners have not identified, nor does the record otherwise reflect, any basis for granting this relief.
None of the beneficiaries or the individual trustees reside in Delaware, and there is thus no basis for arguing that the convenience of the beneficiaries would be served by this change or that the location of the trust’s administration otherwise impels it. Nor does the parties’ seeming preference for the trust law of Delaware necessarily outweigh the choice of law principles that *556 normally point to the testator’s domicile as the source of the law that should govern a testamentary trust. That is particularly so in this case, where the trust was established under a will probated in this state, has been administered under New York law for more than 80 years and will be confided to a successor corporate trustee that is an affiliate of a financial institution whose principal place of business is in New York.
It is undisputed that the court has the authority to change the situs of a trust subject to its jurisdiction (SCPA 201, 203; Matter of Benedito, 83 Misc 2d 740 [1975]) and that the transfer of the situs of a trust is permissible for specific purposes (see, Matter of Weinberger, 21 AD2d 780 [1964]; Matter of Matthiessen, 195 Misc 598 [1949]; Matter of Smart, 15 Misc 2d 906 [1958]). Special circumstances such as tax savings aside (Matter of Dornbush, 164 Misc 2d 1028 [1995]), however, there is no authority for a change of situs simply because the parties request it (see, Matter of Flexner, 7 Misc 2d 621, 622-623 [1957] [transfer of situs denied where trust instrument specifically provided that it be governed under New York law, even though settlor herself requested transfer]).
A change in the situs of a trust has been permitted where it would facilitate the administration of the trust, such as where administration of the trust had “become difficult due to the distance between the place of business of the corporate trustee and the residence of the individual trustee” (Matter of Weinberger, 21 AD2d at 781) or where the requested transfer was to the place of the beneficiaries’ residence (Matter of McComas, 165 Misc 2d 947, 949). However, such a change has been denied where there is no such benefit to be achieved by a transfer of situs (see, Matter of Turrentine, 83 Misc 2d 170, 174, 175). The fact that the successor corporate trustee is located in Delaware does not by itself support a change in the situs of the trust any more than the individual trustee’s residence in Connecticut would have called for a transfer to that state.
Decedent’s will is silent concerning the permissibility of a change of situs of the trust. The provision authorizing the then acting individual trustees to appoint a corporate cotrustee expressly contemplates the appointment of a trust company located “in the City of New York or elsewhere.” Appointment of an out-of-state trust company, however, would not necessitate a change of situs since many out-of-state trust companies are eligible to serve as New York trustees (Banking Law § 201-b).
Petitioners’, application to change the situs of this trust is accordingly denied. This decision puts future applicants on notice *557 that, where the desired tax savings can be achieved by a change of trustee, a change of situs will not be allowed unless it would result in some benefit to the trust apart from the tax considerations themselves.