OPINION OF THE COURT
Eve Preminger, S.
In these companion proceedings, JPMorgan Chase Bank, as trustee of a trust created under an agreement dated September 30, 1952 between Harriet F. Bush, as grantor, and Donald F. Bush, as trustee, and JPMorgan Chase Bank, as trustee of a trust under the will of Donald F. Bush, both trusts being for the benefit of Edith B. Crawford, have petitioned for leave to resign and the appointment of J.P Morgan Trust Company of Delaware as successor trustee. The court granted such relief by orders dated December 30, 2002. Petitioners’ further requests— *745 transfer of the situs of the trusts to Delaware, to avoid imposition of New York State fiduciary income tax — remain the sole issue before the court. All interested parties have consented to the requested relief.
A court may permit transfer of the situs of a trust if the transfer is not prohibited by the instrument and would facilitate administration of the trust (Matter of Garver, NYLJ, Mar. 28, 2003, at 20, col 3). Applying this principle, the court has permitted transfer of situs for the sole purpose of removing a trust from the imposition of a New York State tax on income and capital gains (see e.g. Matter of Block, NYLJ, Jan. 18, 2001, at 30, col 4). On October 7, 2003, however, the Governor signed into law Tax Law § 605 (b) (3) (D), applicable to tax years beginning on or after January 1, 1996, which creates a situation in which a New York resident trust may be treated as a nonresident trust for tax purposes. Under the new law, New York will not subject a resident trust of intangible property to taxation if all the trustees are domiciled outside the state. Moreover, an out-of-state branch of a New York trust company qualifies as a nondomiciliary. Therefore, in the instant proceedings, petitioners, having been succeeded by J.E Morgan Trust Company of Delaware, have already obtained their objectives.
When asked to facilitate the administration of a trust, a court will order modifications which are least disruptive to a grantor’s or testator’s scheme, the choice of the maker of a trust having priority over the wishes of trust beneficiaries. Petitioners’ ultimate goal — elimination of the imposition of a New York fiduciary income tax — can be, and has been, satisfied without the requested transfer of situs.
The trusts at issue were created as New York trusts. Article eleventh of the trust agreement provides: “The trust hereby created shall in all respects be construed and regulated by the laws of the State of New York.” Article sixth of the trust agreement authorizes Donald F. Bush, deceased original trustee, to appoint a successor trustee and designates the Hanover Bank (now known as JPMorgan Chase Bank) to serve in the event Donald F. Bush failed to appoint a successor. Article twelfth of the will of Donald F. Bush, which was admitted to probate by this court, designates Manufacturers Hanover Trust Company (now known as JPMorgan Chase Bank) as trustee.
The testator and grantor, by their selections of New York trustees, and the grantor, by her explicit direction that the trust be administered in accordance with the laws of this State, dem *746 onstrated an intent to have our courts supervise the administration of their respective trusts (see Matter of Hudson, 29 AD2d 145, 149 [1968] [Gibson, J., concurring], affd without op 23 NY2d 834 [1969]). Whereas a foreign court may be required to apply the substantive law of New York (see e.g. Matter of Beir, NYU, Sept. 20, 2002, at 23, col 4), it cannot be required to apply our procedural law. Petitioners have advanced no compelling reason for the court to cede its jurisdiction of the trusts in derogation of the makers’ intent that all trust beneficiaries be guaranteed the full procedural protections afforded by New York law (see Matter of Hudson, 29 AD2d 145, 149 [1968] [Gibson, J., concurring], affd without op 23 NY2d 834 [1969], supra).
There being no evidence of any benefit to be derived from the transfer of the situs of the trusts to Delaware, petitioners’ requests are denied.